IN THE UNITED STATES DISTRICT Subsequently
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. POTTS | ) | CASE NO.  3:10CV1186 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. KATZ |
| v. | ) | |
| | ) | |
| DAVID OLDS | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Michael S. Potts filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. On February 7, 2008, he pled guilty to failure to comply with order or signal of police officer in violation of R.C. 2921.331 in the Common Pleas Court of Sandusky County, Ohio and was sentenced to five years community control. *State of Ohio v. Potts*, Case No. 05CR001221. Subsequently, because of the guilty plea, he was found to be a probation violator and is now serving a four year sentence of imprisonment.

Plaintiff asserts that Defendant David Olds, a City of Clyde, Ohio Police Officer, intentionally and/or recklessly fabricated his police report resulting in a fabrication of evidence and withheld this fact thereby violating his rights under the Fourteenth Amendment to the United States Constitution. Also, exculpatory evidence was withheld. Plaintiff pled guilty when offered an enticing deal. He requests that the police report be destroyed and that he be awarded compensatory and punitive damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

This is clearly an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction and resulting probation violation as any opinion by this court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009), *cert. denied*, 130 S.Ct 342 (2009).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date: 7/21/2010  /s/ **David A. Katz**
JUDGE DAVID A. KATZ
UNITED STATES DISTRICT JUDGE