ZIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL S. POTTS,

                Plaintiff,                Case No. 3:10 CV 1186

-vs-

                                            MEMORANDUM OPINION

DAVID OLDS,

                Defendant.

KATZ, J.

This matter is currently before the Court on Defendant David Olds' FED. R. CIV. P. 12(b)(6) motion to dismiss Plaintiff Michael Potts' *pro se* 42 U.S.C. § 1983 action for violation of his *Fourteenth Amendment* rights to equal protection and due process. Plaintiff alleges that Defendant, a former police officer, fabricated portions of a police report related to Plaintiff's arrest, and also failed to disclose exculpatory evidence; namely, that he fabricated the report.

Magistrate Judge Vernelis K. Armstrong's Report and Recommendation ("R&R") recommended that the Court grant Olds' motion to strike a sur-reply brief Potts filed, but recommended that the Court deny Olds' motion to dismiss. This Court subsequently adopted the R&R on the motion to strike, but reserved ruling on the motion to dismiss and requested supplemental briefing from the parties.[1] The Court has reviewed the supplemental briefing and now grants Olds' motion to dismiss.

**I. Background**

---

[1] The Court requested briefing on *United States v. Melendez*, No. 03-cr-80598, 2004 U.S. Dist. LEXIS 620 (E.D. Mich. Jan. 20, 2004); *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001); and *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001). Olds submitted briefing. Potts did not.

At all times relevant, Defendant Olds was a police officer with the City of Clyde, Ohio Police Department. On May 25, 2008, Olds approached Potts with an arrest warrant for a parol violation. According to Olds' police report, Potts assaulted him during the arrest. Potts contends he never assaulted Olds.

Potts was indicted and charged for the parol violation and, as a result of the alleged assault, was charged with assaulting a police officer, obstructing official business, and resisting arrest. Combined, Potts faced up to seven years in prison–four years for the parol violation, and three years for the assault. Ultimately, however, Potts entered a plea agreement for three years and was only convicted on the parol violation. The charges related to the alleged assault were dismissed.

Potts filed the instant Section 1983 action on May 27, 2010, claiming that Olds violated his *Fourteenth Amendment* rights to equal protection and due process by fabricating portions of the police report related to the assault, and by failing to disclose that he fabricated the police report. Olds filed the instant motion to dismiss on November 23, 2011.

## II. Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of*

*Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 127 S.Ct. at 1965 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**III. Discussion**

Potts argues that Olds' alleged fabrication of the police report violated two of his *Fourteenth Amendment* rights: the right to equal protection and the right to due process. First, the

3

Court finds that Potts has failed to state a claim for an equal protection violation because he has alleged neither that he is a member of a protected class, nor that the law was discriminatorily applied to him because of membership in a protected class. *See Young v. Mahoning County*, 418 F. Supp. 2d 948, 956 (N.D. Ohio 2005) (citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)) (equal protection plaintiff must allege state actor intentionally discriminated against him or her based on membership in protected class).

With regard to *Fourteenth Amendment* due process, the Court agrees with the Magistrate that Potts' "failure to disclose" claim must fail. Potts was not prejudiced by Olds' failure to disclose the police report's alleged fabrication because the assault-related charges were dismissed. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (failure to disclose claim requires a showing of prejudice); *Saad v. City of Dearborn Heights*, No. 11-cv-10103, 2012 U.S. Dist. LEXIS 2765, at *9 (E.D. Mich. Jan 10, 2012) ("A criminal defendant is not injured by suppression of exculpatory evidence where the criminal proceeding is terminated in his favor.").

The only remaining issue is whether Olds' alleged fabrication of the police report violated Potts' *Fourteenth Amendment* due process rights. At the outset, the Court notes that Potts cannot advance this claim under the theory that Olds fabricated *evidence*, because police reports are not admissible into evidence unless introduced by the defendant. *See State v. Hillman*, No. 06AP-1230, 2008 Ohio App. LEXIS 1990, at *23 (Ohio Ct. App. May 15, 2008) (citing Ohio R. Evid. 803(8)) (police reports are inadmissible hearsy unless introduced by defendant).

The question, then, is whether there exists a *Fourteenth Amendment* due process right that is violated by fabricating a police report. If not, then Potts' complaint fails to state a claim. The Eastern District of Michigan case of *United States v. Melendez*, No. 03-cr-80598, 2004 U.S. Dist.

4

LEXIS 620 (E.D. Mich. Jan. 20, 2004), hints at such a right.[2] In *Melendez*, several police officers allegedly falsified police reports, committed perjury to cover up illegal searches, and planted false evidence. *Id*. at *18. The *Melendez* court found that such actions violated *Fourteenth Amendment* due process rights, "including the right not to have criminal charges based on fraudulent evidence or false information," *id*., and the right "not to be prosecuted on the basis of fraudulent evidence in the form of written reports or false testimony." *Id*. at *21.

The *Melendez* court's formulation of the above-stated due process right does not encompass the instant matter. It is not clear that the due process right articulated in *Melendez* contemplates cases where, as here, evidence is not at issue. Indeed, even though the officers' conduct in that case did include fabrication of police reports, it is unclear whether those reports were used as evidence. Moreover, the two cases on which *Melendez* relies for support of the above-stated right do not apply to this case. *See id*. (citing *United States v. Epley*, 52 F.3d 571 (6th Cir. 1995); *Frantz v. Bradford*, 245 F.3d 869 (6th Cir. 2001)) ("There is abundant analogous case law indicating there is a right under the *Due Process Clause* not to be prosecuted on the basis of fraudulent evidence in the form of written reports or false testimony."). First, *Epley* dealt with a *Fourteenth Amendment* due process right "to be free from arrest without probable cause and to be free from having false evidence presented." *Epley*, 52 F.3d at 576 (citations omitted). In the instant matter, Olds had probable cause to arrest Potts because of the parol violation, and Potts did not have false evidence presented against him. Second, the *Frantz* case concludes that Supreme

---

[2] While *Melendez* was a criminal case brought pursuant to 18 U.S.C. §§ 241-242, the inquiry into whether constitutional rights are clearly established in such criminal cases is similar to the determination of qualified immunity under 42 U.S.C. § 1983. *Melendez*, 2004 U.S. Dist. LEXIS 620, at *19 (citing *United States v. Lanier*, 520 U.S. 259, 268 (1997)). Indeed, the *Melendez* court cited Section 1983 civil cases in conducting its criminal law analysis.

Court jurisprudence acknowledges that "substantive due process may support a § 1983 malicious prosecution claim against a police officer who plants false evidence to implicate a suspect whose arrest was supported by probable cause," 245 F.3d at 877, but the instant matter does not involve the planting of false evidence. Moreover, a subsequent Sixth Circuit case, *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001), seemingly questions *Frantz*'s assertion that *Fourteenth Amendment*-based malicious prosecution claims survive in the wake of *Albright v. Oliver*, 510 U.S. 266 (1994). *See Darrah*, 255 F.3d at 308-10 (questioning *Frantz*'s interpretation of *Albright* as allowing *Fourteenth Amendment* due process claim for malicious prosecution in cases where *Fourth Amendment* rights are not implicated); *but see Gregory v. City of Louisville*, 444 F.3d 725, 749 n.10 (6th Cir. 2006) ("[W]e decline to reach the question about whether a non-*Fourth Amendment* 'malicious prosecution' cause of action survives under § 1983 after *Albright*.").

Thus Potts has failed to state a claim because he cannot demonstrate that, under the facts *sub judice*, there is a *Fourteenth Amendment* due process right that was violated by Olds' fabrication of the police report.

## IV. Conclusion

For the reasons stated herein, Defendant's FED. R. CIV. P. 12(b)(6) motion to dismiss is granted. Case closed.

IT IS SO ORDERED.

                                        s/ *David A. Katz*
                                        DAVID A. KATZ
                                        U. S. DISTRICT JUDGE